# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT FULTZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV01431 ERW |
| | ) | |
| JILL MCGUIRE, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive and shall be summarily dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Petitioner was sentenced by the state court in 1992. Petitioner sought state and federal habeas relief after the conviction. The denial of petitioner's federal habeas petition was affirmed by the United States Court of Appeals for the Eighth Circuit on February 26, 1997. Fultz v. White, 1997 U.S. App. LEXIS 3390 (8th Cir. 1997) (unpublished).

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED**.

A separate Judgment shall accompany this Memorandum and Order.

So Ordered this 26th Day of October, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE